IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| | : | |
| PATRICK JAMES SILVERS, | : | CASE NO. 24-41285-BEM |
| | : | |
| Debtor. | : | |
| | : | |
| _____ | : | |
| SANTANDER CONSUMER USA INC., | : | |
| | : | |
| Movant, | : | |
| | : | CONTESTED MATTER |
| v. | : | |
| | : | |
| PATRICK JAMES SILVERS, Debtor; and K. EDWARD SAFIR, Trustee, | : | |
| | : | |
| Respondents. | : | |

## **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

COMES NOW Santander Consumer USA Inc. (the "Movant"), a creditor of the referenced Debtor, and hereby moves this Court to deny confirmation of Debtor's Chapter 13 Plan. In support of its objection, the Movant shows the Court as follows:

1.

On 08/30/2024, Patrick James Silvers ("Debtor") filed a *second* Voluntary Petition pursuant to 11 U.S.C. Section 1301 et seq. in 2024, and said case is presently pending before this Court. Debtor's prior Chapter 13 case, Case 24-40559-BEM, was filed April 10, 2024 and dismissed July 18, 2024 for failure to make plan payments.

2.

Movant has a net claim in this case in the approximate amount of $30,273.46 secured by a 2019 NISSAN FRONTIER (the "Collateral").

3.

Debtor's Chapter 13 Plan proposes to pay Movant's secured claim of $30,273.46 at

$29,174.00 at 5.5% interest, with $200.00 monthly pre-confirmation adequate protection payments and $200.00 per month post-confirmation payments until March 2025, when payments will increase to $608.00.

4.

Movant objects to the treatment of its claim in the proposed plan. Movant's claim amount of $30,273.46 should be paid in full, as the Collateral was purchased on March 27, 2023, which is within 910 days of filing.

5.

Debtor's proposed interest rate of only 5.5% is not *Till* compliant. It provides *no* risk factor over *prime* rate; rather, the risk factor is 3.00% subprime. The prime rate of interest was 8.50% the month this case was filed. Debtor's prior Chapter 13 case dismissed for nonpayment; at the time of dismissal, Debtor had failed to make a single plan payment and accrued a plan payment default of $1,440.00. Given Debtor's history of nonpayment and failure to prosecute a prior bankruptcy case, *Till* suggests the appropriate risk factor in this case to be 13.50%. Accordingly, the plan cannot be confirmed without an interest rate of at least 13.50%.

6.

The Collateral is depreciating through use and over time and the Debtor is not adequately protecting Movant's interest in the Collateral. Debtor is not proposing an appropriate pre-confirmation adequate protection payments in violation of 11 U.S.C. Section 1326(a)(1)(C).

Debtor's plan proposes to pay $200.00 each month to Movant until March 2025. This is bad faith. Debtor has driven for months with the protection of the automatic stay without paying adequate protection to Movant. Movant should receive no less than $340.00 per month in adequate protection payments prior to any step increase.

Any increase in pre-confirmation adequate protection payments must effectively be retroactive to the filing date to pay Movant the correct amount of adequate protection (i.e., a lump sum amount sufficient to compensate for the difference in adequate protection previously disbursed by the Trustee and the amount to which Movant is entitled).

7.

This case may not be feasible in contravention of 11 U.S.C. §1325(a)(6). Debtor bears the burden of proving all elements of confirmation, including the feasibility of this case and

should be required to produce documents to support all income and expenses listed on Schedules I and J.

8.

The specific terms of the proposed plan itself are not proposed in good faith in violation of 11 U.S.C. §1325(a)(3). Movant is the only secured creditor listed in the Plan. Debtor appears to be using this case solely to refinance this vehicle.

9.

Movant has no proof of full coverage insurance on the Collateral and is therefore not adequately protected.

WHEREFORE, the Movant prays that its Objection to Confirmation of Chapter 13 Plan be inquired into and sustained and that it has such other and further relief as this Court deems just and proper.

This October 23, 2024.

        The Law Office of
        LEFKOFF, RUBIN, GLEASON, RUSSO & WILLIAMS, P.C.
        Attorneys for Movant


        By:   /s/Philip L. Rubin
          Philip L. Rubin
          Georgia State Bar No. 618525

5555 Glenridge Connector
Suite 900
Atlanta, Georgia  30342
(404) 869-6900
prubin@lrglaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE | : CHAPTER 13 |
| PATRICK JAMES SILVERS | : CASE NO. 24-41285-BEM |
| Debtor. | : |
| _____ | : |
| SANTANDER CONSUMER USA INC., | : |
| Movant, | : |
| v. | : CONTESTED MATTER |
| PATRICK JAMES SILVERS, Debtor; and K. EDWARD SAFIR, Trustee, | : |
| Respondents. | : |

## CERTIFICATE OF SERVICE

    I hereby certify that on October 23, 2024, I electronically filed the foregoing OBJECTION TO CONFIRMATION using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Dan Saeger
706 S Thornton Ave Suite D
Dalton, GA 30720

K. Edward Safir
Chapter 13 Trustee
285 Peachtree Center Avenue, NE
Suite 1600
Atlanta, GA 30303

    I further certify that on this day I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid on the following parties at the address shown for each:

Patrick James Silvers
210 Columbus Cir NE
Calhoun, GA 30701

    Dated: October 23, 2024.

        The Law Office of
        LEFKOFF, RUBIN, GLEASON, RUSSO & WILLIAMS, P.C.
        Attorneys for Movant


        By: /s/Philip L. Rubin
          Philip L. Rubin
          Georgia State Bar No. 618525

5555 Glenridge Connector
Suite 900
Atlanta, Georgia  30342
(404) 869-6900
prubin@lrglaw.com